1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KAMLESH BANGA,                              No.  2:18-cv-1072 MCE AC

12                 Plaintiff,

13        v.                                      ORDER

14    AMERIPRISE AUTO & HOME
      INSURANCE AGENCY et al.,
15
                     Defendants.
16

17

18          This matter is before the court on defendants' motion to compel a second deposition of

19    plaintiff.  ECF No. 69.  The parties did not file a joint statement, though plaintiff submitted an

20    opposition (ECF No. 72) and defense counsel submitted a declaration stating plaintiff refused to

21    participate in the process of creating a joint statement (ECF No. 77).  The matter was submitted

22    on the papers.  ECF No. 70.  Based on a review of the parties' arguments and the record, the

23    motion to compel is DENIED; defendants may pose necessary questions to plaintiff through

24    interrogatories.

25          Further, the undersigned sua sponte extends the discovery deadline to March 3, 2021.  All

26    motions related to discovery must be filed no later than February 17, 2021.  The dispositive

27    motions deadline is extended to April 7, 2021.  The parties shall file a Joint Notice of Trial

28    Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed

dispositive Motion.  Plaintiff's pending motions for an extension of discovery deadlines (ECF Nos. 88 and 90) are DENIED as MOOT.

## I.      Relevant Background

This action stems from a dispute over insurance coverage for alleged water damage to plaintiff's home as a result of a January 18, 2016 high windstorm.  Revised Third Amended Complaint ("RTAC"), ECF No. 67-3 at 1.  Plaintiff alleges defendant insurers failed to properly pay her claim and brings several causes of action, including breach of contract and bad faith. RTAC at 3, 10-21.

This matter was removed from state court on April 30, 2018.  ECF No. 1.  On November 15, 2018, the matter was sent to this court's Voluntary Dispute Resolution Program ("VDRP"). ECF No. 20.  The matter remained in VDRP until March 12, 2020, when it failed to settle and was removed from the program.  On March 18, 2020, a pre-trial scheduling order was issued, setting a discovery deadline of November 9, 2020, and a dispositive motions deadline of December 28, 2020.  ECF No. 37.  On September 18, 2020, by stipulation of the parties, the discovery deadline was extended to January 8, 2021 and the dispositive motions deadline was extended to February 26, 2021.  ECF No. 56.

## II.      Motion

Defendants ask the court to require plaintiff to sit for a second deposition because plaintiff failed to produce two documents responsive to discovery requests prior to her October 8, 2020 deposition, but used these documents while deposing defendants' expert on November 18, 2020. ECF No. 69 at 2.  Plaintiff contends that she "did testify she had produced almost all the documents; however, if there were any documents that she had not produced, she would provide them to you as soon as she locate them."  ECF No. 72 at 3.  At issue are two letters: one dated March 2, 2017 and one dated April 26, 2017.  In response to defendants' motion, plaintiff submitted a declaration stating, "I represent to the Court that I had inadvertently omitted to produce the documents; however, I had rectified this omission that is the subject of this motion." ECF No. 72-1 at 2.  Plaintiff further contends that the March 2, 2017 letter was contained in her earlier request for default judgment.  ECF No. 72 at 4 (referencing ECF No. 51-7).  Plaintiff

2

1  suggests that any additional questioning related to the documents be done through interrogatories

2  and request for admission.  ECF No. 72 at 4.  There is no dispute as to the relevancy or

3  responsiveness of the documents.

4                                     **III.    Analysis**

5          Rule 30(a)(2)(A)(ii) of the Federal Rules provides, "[a] party must obtain leave of court,

6  and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties

7  have not stipulated to the deposition and the deponent has already been deposed in the case."

8  "Whether to permit a second deposition lies in the court's discretion."  Ransom v. Herrera, No.

9  1:11-cv-01709-LJO-EPG PC, 2018 WL 4008386, at *2 (E.D. Cal. Aug. 21, 2018); see also FCC

10  v. Mizuho Medy Co. Ltd., 07-cv-189 JAH (NLS), 2009 WL 10672927, at *3 (S.D. Cal. Sept. 24,

11  2009); Owino v. CoreCivic, Inc., No. 3:17-cv-1112-JLS-NLS, 2019 WL 2867278, at *2 (S.D.

12  Cal. July 3, 2019); Tramm v. Porter Memorial Hosp., 128 F.R.D. 666, 668 (N.D. Ind. 1989).

13  Rule 26(b)(2)(C) states that leave should be granted unless the discovery sought is unreasonably

14  cumulative or duplicative or can be obtained from a more convenient, less burdensome or less

15  expensive source; the party seeking the discovery has had ample opportunity to obtain the

16  information through discovery; or the burden or expense of the proposed discovery outweighs its

17  likely benefit.

18          Here, there is no dispute that the letters at issue were responsive to defendants' discovery

19  requests and at least the April 26, 2017 document was not produced in any form before plaintiff's

20  deposition.  Defendants argue that "[r]egardless of whether this failure was inadvertent or

21  intentional, IDS should be permitted to question Banga about these previously unproduced

22  communications."  The court agrees, though requiring plaintiff to submit to a second deposition

23  for questioning related to two letters is overly burdensome, expensive, and inconvenient.

24  Defendants do not explain why the necessary questioning could not be done through

25  interrogatories.  The undersigned believes it could be.  The discovery deadlines will be extended

26  as described below to ensure adequate time for interrogatories to be served and answered.  In

27  recognition of the fact that defendants may have already served the presumptively allowed 25

28  ////

1  interrogatories allowed by Fed. R. Civ. P. 33(a), they are granted an additional 10 interrogatories

2  to address the two letters.

3       As should go without saying, all parties are expected to participate in discovery and

4  motions practice in good faith.  All parties are required to comply with the undersigned's

5  Standing Orders, located on the Court's webpage, the Local Rules of this Court, and the Federal

6  Rules of Civil Procedure.  Failure to do so may result in sanctions.

7                    **IV.    Conclusion**

8       For the reasons explained above, the motion to compel (ECF No. 69) is DENIED, though

9  defendants are granted 10 additional interrogatories to address the late-produced letters at issue in

10  the motion.

11       Further, the undersigned sua sponte extends the discovery deadline to March 3, 2021.  All

12  motions related to discovery must be filed no later than February 17, 2021.  The dispositive

13  motions deadline is extended to April 7, 2021.  The parties shall file a Joint Notice of Trial

14  Readiness not later than thirty (30) days after receiving this Court's ruling on the last filed

15  dispositive Motion.

16       Plaintiff's pending motions for and extension of discovery deadlines (ECF Nos. 88 and

17  90) are DENIED as MOOT.

18       IT IS SO ORDERED.

19  DATED: December 17, 2020

20

21                    ALLISON CLAIRE
                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

4