UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA, | No. 2:18-cv-1072 MCE AC |
| Plaintiffs, | |
| v. | ORDER |
| AMERIPRISE AUTO & HOME INSURANCE AGENCY AND DOES 1 through 10 inclusive, | |
| Defendants. | |

This matter is before the court on defendants Ameriprise Auto & Home Insurance Agency, Inc. and IDS Property Casualty Insurance Company (collectively, "Defendants") motion for an order requiring the pro se plaintiff, Kamlesh Banga, to post security for $25,000 as a vexatious litigant pursuant to Local Rule 151(b). ECF No. 79. For the reasons set forth below, the motion is DENIED.

**I.   Relevant Background**

This action stems from a dispute over insurance coverage for alleged water damage to plaintiff's home as a result of a windstorm on January 18, 2016. Revised Third Amended Complaint ("RTAC"), ECF No. 67-3 at 1. Plaintiff alleges that defendant insurers failed to properly pay her claim. She brings several causes of action, including breach of contract and bad faith. RTAC at 3, 10-21. This case was removed from state court on April 30, 2018. ECF No. 1.

On November 15, 2018, the case was sent to this court's Voluntary Dispute Resolution Program ("VDRP").  ECF No. 20.  The action remained in VDRP until March 12, 2020, when it failed to settle and  was removed from the program.  Most recently, the court extended the discovery deadline in this case to March 3, 2012, and the dispositive motions deadline to April 7, 2021.

## II.   Motion to Declare Plaintiff a Vexatious Litigant

Defendants ask the court to declare plaintiff a vexatious litigant because "it appears Banga has filed at least 26 cases in State court, litigated at least 17 cases in Federal trial courts (some of these were removed state court actions), pursued at least 12 State court appeals, another 4 appeals in the Ninth Circuit, and filed 2 petitions for review in the United States Supreme Court."  ECF No. 79-1 at 7.

### A.  Legal Standard

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  De Long, 912 F.2d at 1148.

> [I]n De Long, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders.  First, the litigant must be given notice and a chance to be heard before the order is entered.  De Long, 912 F.2d at 1147.  Second, the district court must compile "an adequate record for review."  Id. at 1148.  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Id.  Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."  Id.

Molski, 500 F.3d at 4057.  The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts."  Molski, 500 F.3d at

1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit. . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

B. Analysis

A vexatious litigant order is not appropriate in this case. "A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit." Favor v. Harper, No. CV 17-0165-JGB (JEM), 2017 WL 132830, at *5 (C.D. Cal. Jan. 13, 2017). Without reaching the question whether plaintiff's previous actions had merit, the undersigned identifies only six cases, including this one, in the Eastern District of California since 2006[1] – by the undersigned's judgment, this is not sufficiently "numerous" to warrant a pre-filing injunction. Cases in which courts have considered vexatious litigant pre-filing orders have involved much more flagrant examples of abuse of the legal system. See, e.g., Favor, 2017 WL 132830, at *2 ("Favor has filed at least 50 actions in this district since 2014, and he continues to file new habeas petitions and civil rights complaints on a regular basis."), Molski, 500 F.3d at1050 ("[plaintiff] has filed about 400 lawsuits in the federal courts within the districts in

---

[1] Plaintiff's other cases include: Banga v. American Express Cards, 2:06-cv-0880-GEB-GGH (E.D.CA. 2006), Banga v. Allstate Insurance Company, 2:08-cv-1518-MCE-EFB (E.D.CA. 2008); Banga v. Midas International Corporations, et al., 2:08-cv-1379-FCD-JFM (E.D.CA 2008); Banga v. First USA, N.A. et al., 2:09-cv-2268-FCD-GGH (E.D.CA 2009), and Banga v. Gundumolgula et al., 13-cv-0667-MCE-CKD (E.D.CA. 2013).

California.") Defendants reliance on plaintiff's filings in other courts is unavailing; any pre-filing order issued by the Eastern District of California would only apply to the filing of cases in this District, and plaintiff's activities elsewhere are irrelevant, particularly where defendants do not allege they in particular are being harassed by multiple lawsuits from plaintiff.

"[P]re-filing orders are an extreme remedy that should rarely be used." Molski, 500 F.3d at 1057. The fact that plaintiffs filed five previous cases against various defendants that were litigated in this court, all several years ago, does not qualify plaintiff as a vexatious litigant in need of a pre-filing order in this district.

### III.    Conclusion

Defendants motion for the court to declare plaintiff a vexatious litigant (ECF No. 79) is DENIED.

IT IS SO ORDERED.

DATED: February 11, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE