UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERIPRISE AUTO HOME<br>INSURANCE AGENCY, et al.,<br><br>  Defendants. | No.  2:18-cv-01072 MCE AC<br><br><br>ORDER |

This matter is before the court on (1) defendant IDS Property Casualty Insurance Company and Ameriprise Auto & Home Insurance Agency, Inc.'s motion for a protective order regarding two deposition topics (ECF No. 103) and (2) plaintiff Kamlesh Banga's motion to compel responsive documents to her requests for production 1 & 2, and to overrule defendant IDS's objections to topics 1-24 of her Rule 30(b)(6) deposition notice (ECF No. 104).  The motions are both briefed in a joint statement located at ECF No. 104-1.

Plaintiff filed an unauthorized supplemental opposition to the motion for a protective order (ECF No. 106), and this supplemental opposition is the subject of a motion to strike from defendants. (ECF No. 108).  Plaintiff also moved to seal two documents which she states contains information regarding an offer of settlement that defendants instructed her was improper for public filing.  (ECF No. 109).

1

**I.     Relevant Background**

This action stems from a dispute over insurance coverage for alleged water damage to plaintiff's home as a result of a windstorm on January 18, 2016. Revised Third Amended Complaint ("RTAC"), ECF No. 67-3 at 1. Plaintiff's operative RTAC alleges, in relevant part, as follows.

On September 16, 2010, plaintiff purchased a homeowner's insurance policy from Ameriprise, with the issuing the Policy No BH00013346. ECF No. 67-3 at 4. On January 18, 2016, as a result of high windstorm, the roof of plaintiff's house was damaged, causing leakage that further damaged the interior walls and vaulted ceiling of the house. Id. Plaintiff reported the incident to Ameriprise and made a claim under her homeowner's insurance policy for damages. Id. Defendants assigned to this insurance loss the claim number 2117349BT600 and assigned employee David Hatch to investigate the loss and adjust the claim. Id. at 5.

On February 5, 2016, Mr. Hatch sent a letter that provided in pertinent part:

> "…We are prohibited by law from requiring you to have the property repaired by a specific individual or entity. You have the right to choose who repairs the damage to your property. If we recommend a repair individual or entity and you agree to use the recommended repair individual or entity, we shall cause the damaged property to be restored to no less than its condition prior to the loss and repaired in a manner which meets accepted trade standards for good and workmanlike construction at no additional cost to you, other than as stated in the policy or as otherwise allowed by these regulations…"
>
> Your home insurance policy states that legal action against us must be filed within one year from the date the loss or damage occurred."

Id. On February 10, 2016, Mr. Hatch sent an email advising Plaintiff to call CodeBlue at 1-866-544-5101 to inspect the damages to the ceilings and walls under the area where the roof leaked. Id. Plaintiff called CodeBlue, and February 29, 2016, CodeBlue inspected the damages and subsequently provided its findings to Defendants. Id. Defendants have not provided plaintiff with a copy of this report/estimate despite her multiple requests. Id.

On March 30, 2016, Mr. Hatch sent a letter informing plaintiff that he had retained his independent adjuster Eagle Adjusting Services, Inc. to make an estimation of the building damages. Id. On April 11, 2016, a Mr. Goldfarb inspected plaintiff's property and prepared an

1   estimate.[1]  Id.  On April 14, 2016, Mr. Hatch sent plaintiff a check of $1853.10 under the

2   dwelling coverage of the policy to cover the cost of the Subject Property after deducting $2,000.

3   Id.  Plaintiff called Mr. Hatch and asked him to send a copy of the work order prepared by Mr.

4   Goldfarb before she accepted the check.  Id.  On April 26, 2016 an Ameriprise adjuster sent

5   plaintiff an e-mail stating that the Goldfarb report is a product of Ameriprise Auto and Home

6   Insurance and they were not able to release it to insureds.  Id. at 6.

7   After a "lengthy ordeal," Ameriprise relented and sent plaintiff the work order prepared

8   by Mr. Goldfarb.  Id.  Plaintiff contacted contractors, but none were willing to do the work for the

9   price Mr. Goldfarb had quoted.  Id.  On July 21, 2016, plaintiff returned the check to Ameriprise,

10  stating she could not find a contractor willing to complete the project for the quoted amount.  Id.

11  On January 13, 2017, plaintiff again contacted Ameriprise, asking for recommendations of

12  contractors who would compete the work for the quoted amount.  Id.  Ameriprise did not respond.

13  Id. at 7.  On March 2, 2017 plaintiff sent another letter with the same request.  Id.  Ameriprise

14  again did not respond.  Id.  Plaintiff sent another letter with the same request on April 14, 2017.

15  Id.  This time, Ameriprise responded offering an inspection of her property.  Id.  On April 26,

16  2017, plaintiff sent a response letter stating that she has already fixed the roof at her own expense,

17  she was not claiming any additional damages and did not require another reinspection; she only

18  wanted a general contractor who could do the work for $3,853.10 as specified in the Goldfarb

19  report.  Id.

20  In August of 2017, plaintiff contacted Penny Pinching Construction Company ("PPCC"),

21  to provide an estimate based on the work order prepared by Mr. Goldfarb.  Id.  On August 7,

22  2017, PPCC prepared an estimate, quoting $11,622.24.  Id.  Plaintiff sent the estimate to

23  Ameriprise on August 12, 2017.  Id. at 8.  She received no response.  Id.  Plaintiff re-sent the

24  estimate on September 13, 2017.  Id.  On September 13, 2017, plaintiff again sent the PPCC

25  estimate to Ameriprise asking it to issue payment.  Id.  On September 22, 2017, Ameriprise

26  responded that it required another inspection by Nexus Solutions before a check could issue.  Id.

27

28  [1] Roof damage was excluded from the estimate, but plaintiff repaired the roof at her own expense and roof damage is not at issue in this case.  See unmarked footnote at ECF No. 67-3 at 5.

On September 25, 2017, plaintiff wrote a letter informing Ameriprise that under her policy, she has a right to choose her contractor, and PPCC's work order was based on the estimate prepared by the adjuster retained by Ameriprise. Id. Ameriprise responded that the offer was final, and the matter could be resolved through arbitration. Id.

On October 23, 2017, plaintiff again sent Ameriprise a letter stating that a new inspection was not necessary because she was not claiming any additional damages. Id. Plaintiff requested the name of arbitrators so that she could choose one to resolve the matter. Id. at 9. Ameriprise did not respond. On January 10, 2018, plaintiff sent a letter by priority mail informing Ameriprise that on January 18, 2018, she planned to file a lawsuit unless Ameriprise would like to resolve the matter without court intervention. Ameriprise did not respond. Id.

Plaintiff sued Ameriprise in state court on January 18, 2018, and Ameriprise removed the action to this court. Id. IDS Property Casualty Insurance Company was added as a co-defendant. Id. Plaintiff brings multiple claims against defendant insurers, including breach of contract, bad faith, unfair & unlawful business practices under California's Unfair Competition Law, intentional misrepresentation, negligent misrepresentation, and intentional/negligent infliction of emotional distress. Id. at 10-21.

## II.     Preliminary Matters

A.  Defendants' Motion to Strike

Defendants move to strike plaintiff's opposition to their motion for a protective order, located at ECF No. 106, as an unauthorized filing outside the joint discovery motion statement. ECF No. 108. This motion is GRANTED.

Local Rule 251(c) requires that discovery disputes be briefed by joint statement. The rule specifies that "All arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." Id.

The court can understand plaintiff's confusion, as defendants *also* filed unauthorized briefing on the motion for a protective order as part of their purported notice of motion. ECF No. 103. Nonetheless, per the Local Rules, the court will only consider the briefing contained in the

4

joint statement submitted at ECF No. 104.  The joint statement at ECF No. 104 contains briefing on both plaintiff's motion to compel and defendants' motion for a protective order.  The court will consider *only* this briefing, will treat ECF No. 103 exclusively as defendants' notice of motion, and GRANTS defendants' motion to strike plaintiff's surplus opposition briefing (ECF No. 108).

    B.  Plaintiff's Motion to Seal

Plaintiff has made a half-hearted motion to seal the documents at ECF No. 106 and 107, after defendants informed her that she improperly mentioned an offer of settlement in them, in violation Fed. R. Evid. 408.  ECF No. 109 at 2.  Except for a narrow range of documents that are "traditionally kept secret," courts maintain "a strong presumption in favor of access" to records when determining whether filings should be sealed.  Foltz v. State Farm Mut. Auto. Ins., 331 F.3d 1122, 1135 (9th Cir.2003).  When a party seeks to seal documents attached to a non-dispositive motion, there must be a showing of "good cause" under Federal Rule of Civil Procedure 26(c).  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir.2006), see also Fed. R. Civ. P. 26(c).  To show good cause, the moving party must make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed."  Kamakana, 447 F.3d at 1179–80; Apple, Inc. v. Samsung Elecs. Co. Ltd., 2012 WL 4120541, at *1 (N.D. Cal. Sept.18, 2012).  "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  Kamakana, 447 F.3d at 1184.  Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning."  Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

Plaintiff's motion does not show good cause.  Indeed, plaintiff herself does not appear interested in having the documents sealed, and defendants have not submitted any briefing on the matter.  Absent a showing of good cause, plaintiff's motion to seal (ECF No. 109) is DENIED.

The court will disregard any evidence that is inadmissible under the Federal Rules of Evidence and any information that has been improperly presented.

////

**III.     Motion to Overrule/Compel in Advance of Deposition**

Plaintiff requests an order overruling IDS' written objections to Topic Nos. 1-24 set forth in Plaintiff's Rule 30(b)(6) deposition notice.  ECF No. 104-1 at 2.  Plaintiff further requests that IDS should be ordered to produce all documents responsive to Request Nos. 1 and 2.  Id. Defendant IDS Casualty argues that it has only moved for a protective order as to topics 12 and 21, rendering the remainder of plaintiff's motion moot.

A. Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections.

6

1    Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections,

2    without explanation, are not prohibited but are insufficient as a sole basis for an objection or

3    privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142,

4    1149 (9th Cir.2005).

### B. Plaintiff's Motion to Overrule 30(b)(6) Topic Objections

As to deposition topics other than the two that are the subject of defendants' motion for a protective order, the motion to compel is moot and/or premature as the Fed. R. Civ. P. 30(b)(6) deposition at issue has not yet taken place.  Despite their objections, defendants have agreed to produce a deponent to testify regarding the topics at issue.  Plaintiff herself argues that defendants cannot simply provide written objections to her and fail to prepare its 30(b)(6) witness to testify on certain topics.  ECF No. 104-1 at 12-13.  That is correct.  A corporate defendant's objections must be resolved through the meet and confer process or by seeking a protective order from the court.  See, e.g., Guinnane v. Dobbins, No. CV 19-85-M-DWM, 2020 WL 4734897 (D. Mont. Aug. 14, 2020).  Defendants appear to recognize this, as they are seeking a protective order only to topics 12 and 21 and contend that the remainder of plaintiff's motion to overrule its written objection is moot.  While acknowledging that defendants are entitled to raise objections during the deposition itself, the court construes defendants' representations to mean that their 30(b)(6) witness will indeed be properly prepared.  Trusting this to be the case, the court agrees with defendants that plaintiff's motion is moot.

### C. Plaintiff's Motion to Compel Further Production

Plaintiff moves to compel further production from defendant IDS with respect to her RFP's 1 and 2.  Plaintiff's RFP No. 1 reads as follows:

> All documents, photographs, and/or videos comprising the entire claims file concerning the insurance claim placed in issue in this case. (If a claim of privilege is asserted as to any document, please provide a detailed privilege log.)

ECF No. 104-1 at 54.  Plaintiff contends that although IDS produced the claim file and a privilege log, it redacted and withheld all reserve information.  ECF No. 104 at 54.  IDS responded that it withheld three categories of documents from the produced claim file: 1) private information about

unrelated third parties, (2) reserves, and (3) attorney-client privileged and attorney work product information dated after Plaintiff filed suit. Id. at 57.

IDS states that it is willing to produce information about reserves dated prior to plaintiff filing suit, subject to the protective order entered in this case. This appears to address plaintiff's concern; her briefing addresses only reserve information. ECF No. 54 or 61. She offered no response to IDS's offer in the joint statement. Thus, plaintiff's motion will be GRANTED IN PART insofar as IDS must produce reserve information for the period prior to the date plaintiff filed her lawsuit, pursuant to its agreement to do so.

Plaintiff's RFP No. 2 states as follows:

> All current controlling contracts, agreements or documentation describing relationships between Defendant and third-party claims administrator or adjuster, including ANY THIRD PARTY ADMINISTRATOR, which undertook any assignment related to Plaintiff's loss of January 18, 2016 related to the Claim No. 2117349BT614 that depict the arrangement, compensation and responsibilities of the respective parties as it relates to the investigation of Plaintiff's claim.

ECF No. 104-1 at 60. Defendant responded with written objections but certifies that it has produced all responsive documents to plaintiff without redactions. ECF No. 104-1 at 61. Plaintiff makes a one-sentence argument that the court should overrule defendant's objections. Id. at 60. Because defendant has produced all responsive documents, however few those documents may be, the court finds this issue moot.

### IV.   Motion for Protective Order

Defendants ask the court for a protective order limiting the scope of two of plaintiff's 30(b)(6) deposition topics: No. 12 and No. 21.

A. Standard on Motion for Protective Order

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith

> conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from
>
> annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)). As discussed above, the scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26.

   B. Deposition Topic Number 12

   Plaintiff's deposition topic No. 12 reads as follows:

> The person most knowledgeable about how, when and what claim reserves are to be set as well as all claims reserves that have been set by IDS or on its behalf concerning the claim of Banga to the present providing all policies and procedures to be utilized and followed for establishing claim reserves.

ECF No. 104-1 at 33. Defendant IDS requests that the court limit the scope of this topic to the reserves IDS set during its handling of plaintiff's claim prior to litigation, and IDS's procedures for setting reserves for homeowner's water damage claims. Id. at 36. IDS has designated Anne Glenn-Elias to testify regarding the reserves IDS set for plaintiff's claim prior to litigation. IDS has designated Jodi Helf to testify regarding IDS' procedures for setting reserves for homeowner's water damage claims. Id. IDS argues that reserve information post-litigation is protected by attorney client privilege and the attorney work product doctrine and is also irrelevant.

The court agrees that reserve information post-litigation is, in this case, irrelevant. Plaintiff's entire RTAC is based on conduct prior to her filing suit. Plaintiff has not articulated, and cannot articulate, how reserve information post-filing is related to her claim. Accordingly, information "to the present" is not at issue. IDS's motion on this point is GRANTED, and topic 12 is limited in scope to pre-lawsuit information.

C. Deposition Topic Number 21

Plaintiff's deposition topic No. 21 reads as follows:

> The person with the most knowledgeable at defendant IDS regarding all prior lawsuits and regulatory complaints filed in California against IDS, from 2010 to the present, involving homeowner insurance claims.

ECF No. 104-1 at 45. IDS asks the court issue a protective order limiting this topic to IDS' inability to obtain the information sought by this request, stating "IDS has designated Jodi Helf to testify that IDS does not track lawsuits and tracks limited private information regarding regulatory complaints." ECF No. 104-1.

Defendant's request is GRANTED. Plaintiff's request is overbroad and disproportionate to the needs of this case. Federal Rule of Civil Procedure 26 includes an explicit proportionality requirement; discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(1). Deposition topic 21, which seeks testimony regarding all lawsuits and regulatory complaints filed within the past 11 years, encompasses a huge amount of information and is not proportional to the case at hand. The court further notes that much of what plaintiff seeks, at least with respect to lawsuits, is publicly available information. IDS's proposed limitation is acceptable to the court.

## V. Conclusion

Based on the foregoing, the court ORDERS as follows:

1. Defendants' motion to strike (ECF No. 108) is GRANTED and plaintiff's filing at ECF No. 106 is STRICKEN; the court will consider only the briefing in the joint statement for both discovery motions;

2. Plaintiff's motion to seal (ECF No. 109) is DENIED;

////

3. Defendant's motion for a protective order (ECF No. 103) is GRANTED and plaintiff's deposition topics No. 12 and 21 are limited as described above; and

4. Plaintiff's motion to compel (ECF No. 104) is GRANTED IN PART to the extent that defendant IDS shall produce information about its reserves prior to the date of plaintiff's filing of this lawsuit within 10 days of this order, and is otherwise DENIED as MOOT.

IT IS SO ORDERED.

DATED: February 17, 2021

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11