UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERIPRISE AUTO HOME<br>INSURANCE AGENCY, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-01072 MCE AC<br><br><br>ORDER |

This case is before the court on plaintiff's motion to strike defendants' affirmative defenses to her Third Amended Complaint. ECF No. 92. Defendants oppose the motion. ECF No. 97. The motion is DENIED for the reasons set forth below.

**I.     Background**

This action stems from a dispute over insurance coverage for alleged water damage to plaintiff's home as a result of a windstorm on January 18, 2016. Revised Third Amended Complaint ("RTAC"), ECF No. 67-3 at 1. Plaintiff's operative RTAC alleges, in relevant part, as follows.

On September 16, 2010, plaintiff purchased a homeowner's insurance policy from Ameriprise, with the issuing the Policy No BH00013346. ECF No. 67-3 at 4. On January 18, 2016, as a result of high windstorm, the roof of plaintiff's house was damaged, causing leakage

that further damaged the interior walls and vaulted ceiling of the house.  Id.  Plaintiff reported the incident to Ameriprise and made a claim under her homeowner's insurance policy for damages.  Id.  Defendants assigned to this insurance loss the claim number 2117349BT600 and assigned employee David Hatch to investigate the loss and adjust the claim.  Id. at 5.

On February 5, 2016, Mr. Hatch sent a letter that provided in pertinent part:

> "…We are prohibited by law from requiring you to have the property repaired by a specific individual or entity. You have the right to choose who repairs the damage to your property. If we recommend a repair individual or entity and you agree to use the recommended repair individual or entity, we shall cause the damaged property to be restored to no less than its condition prior to the loss and repaired in a manner which meets accepted trade standards for good and workmanlike construction at no additional cost to you, other than as stated in the policy or as otherwise allowed by these regulations…"
>
> Your home insurance policy states that legal action against us must be filed within one year from the date the loss or damage occurred."

Id.  On February 10, 2016, Mr. Hatch sent an email advising Plaintiff to call CodeBlue at 1-866-544-5101 to inspect the damages to the ceilings and walls under the area where the roof leaked.  Id.  Plaintiff called CodeBlue, and February 29, 2016, CodeBlue inspected the damages and subsequently provided its findings to Defendants.  Id.  Defendants have not provided plaintiff with a copy of this report/estimate despite her multiple requests.  Id.

On March 30, 2016, Mr. Hatch sent a letter informing plaintiff that he had retained his independent adjuster Eagle Adjusting Services, Inc. to make an estimation of the building damages.  Id.  On April 11, 2016, a Mr. Goldfarb inspected plaintiff's property and prepared an estimate.[1]  Id.  On April 14, 2016, Mr. Hatch sent plaintiff a check of $1853.10 under the dwelling coverage of the policy to cover the cost of the Subject Property after deducting $2,000.  Id.  Plaintiff called Mr. Hatch and asked him to send a copy of the work order prepared by Mr. Goldfarb before she accepted the check.  Id.  On April 26, 2016 an Ameriprise adjuster sent plaintiff an e-mail stating that the Goldfarb report is a product of Ameriprise Auto and Home Insurance and they were not able to release it to insureds.  Id. at 6.

---

[1] Roof damage was excluded from the estimate, but plaintiff repaired the roof at her own expense and roof damage is not at issue in this case.  See unmarked footnote at ECF No. 67-3 at 5.

After a "lengthy ordeal," Ameriprise relented and sent plaintiff the work order prepared by Mr. Goldfarb. Id. Plaintiff contacted contractors, but none were willing to do the work for the price Mr. Goldfarb had quoted. Id. On July 21, 2016, plaintiff returned the check to Ameriprise, stating she could not find a contractor willing to complete the project for the quoted amount. Id. On January 13, 2017, plaintiff again contacted Ameriprise, asking for recommendations of contractors who would compete the work for the quoted amount. Id. Ameriprise did not respond. Id. at 7. On March 2, 2017 plaintiff sent another letter with the same request. Id. Ameriprise again did not respond. Id. Plaintiff sent another letter with the same request on April 14, 2017. Id. This time, Ameriprise responded offering an inspection of her property. Id. On April 26, 2017, plaintiff sent a response letter stating that she has already fixed the roof at her own expense, she was not claiming any additional damages and did not require another reinspection; she only wanted a general contractor who could do the work for $3,853.10 as specified in the Goldfarb report. Id.

In August of 2017, plaintiff contacted Penny Pinching Construction Company ("PPCC"), to provide an estimate based on the work order prepared by Mr. Goldfarb. Id. On August 7, 2017, PPCC prepared an estimate, quoting $11,622.24. Id. Plaintiff sent the estimate to Ameriprise on August 12, 2017. Id. at 8. She received no response. Id. Plaintiff re-sent the estimate on September 13, 2017. Id. On September 13, 2017, plaintiff again sent the PPCC estimate to Ameriprise asking it to issue payment. Id. On September 22, 2017, Ameriprise responded that it required another inspection by Nexus Solutions before a check could issue. Id. On September 25, 2017, plaintiff wrote a letter informing Ameriprise that under her policy, she has a right to choose her contractor, and PPCC's work order was based on the estimate prepared by the adjuster retained by Ameriprise. Id. Ameriprise responded that the offer was final, and the matter could be resolved through arbitration. Id.

On October 23, 2017, plaintiff again sent Ameriprise a letter stating that a new inspection was not necessary because she was not claiming any additional damages. Id. Plaintiff requested the name of arbitrators so that she could choose one to resolve the matter. Id. at 9. Ameriprise did not respond. On January 10, 2018, plaintiff sent a letter by priority mail informing

3

Ameriprise that on January 18, 2018, she planned to file a lawsuit unless Ameriprise would like to resolve the matter without court intervention. Ameriprise did not respond. Id.

Plaintiff sued Ameriprise in state court on January 18, 2018, and Ameriprise removed the action to this court. Id. IDS Property Casualty Insurance Company was added as a co-defendant. Id. Plaintiff brings multiple claims against defendant insurers, including breach of contract, bad faith, unfair & unlawful business practices under California's Unfair Competition Law, intentional misrepresentation, negligent misrepresentation, and intentional/negligent infliction of emotional distress. Id. at 10-21.

## II. Motion to Strike Affirmative Defenses

Plaintiff requests an order pursuant to Fed. R. Civ. P. 12(f) striking defendants' affirmative defenses 1-25 for "failing to plead sufficient supporting facts under the governing pleading standards in this District." ECF No. 92 at 1-2.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted). Before a motion to strike affirmative defenses may be granted, the court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). "[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (citation omitted).

The affirmative defenses at issue here are as follows:

> FIRST AFFIRMATIVE DEFENSE
>
> The RTAC and the recovery sought therein are barred as Agency did not issue any insurance policy and therefore faces no liability for claims thereunder.

////

### SECOND AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, by the terms exclusions, conditions, definitions, declarations, endorsements or limitations contained in the IDS policy alleged to be at issue in this action (the "IDS Policy"), including but not limited to, the one-year contractual limitations period contained in the policy.

### THIRD AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, to the extent the conditions or other requirements under the IDS Policy have not been satisfied or have been breached.

### FOURTH AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, because IDS paid all amounts due and has fully discharged its obligations under the IDS Policy for the claims alleged by Banga in the RTAC.

### FIFTH AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, because Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained.

### SIXTH AFFIRMATIVE DEFENSE

Banga's RTAC and each of the causes of action asserted therein fail to set forth facts sufficient to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Banga's claims are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Banga's alleged injuries and damages, if any, were caused by the acts

or omissions of persons or organizations other than Defendants, or by Banga's own acts or omissions.

TWELFTH AFFIRMATIVE DEFENSE

Banga's damages, if any, were not caused by Defendants, but were directly and proximately caused by independent intervening and/or superseding acts by third parties.

THIRTEENTH AFFIRMATIVE DEFENSE

Banga's claims are barred in whole or in part, because Banga would be unjustly enriched if allowed to recover from Defendants any claim alleged in the RTAC.

FOURTEENTH AFFIRMATIVE DEFENSE

Banga's claims are barred by the applicable statute(s) of limitations, including but not limited to, Code of Civil Procedure sections 337, 339 or 343.

FIFTEENTH AFFIRMATIVE DEFENSE

IDS properly discharged its duty to investigate Banga's claims and to determine whether they were properly payable under the terms and conditions of the IDS Policy and did so reasonably and in good faith.

SIXTEENTH AFFIRMATIVE DEFENSE

Banga's claim for breach of the implied covenant of good faith and fair dealing is barred because there has been no breach of contract.

SEVENTEENTH AFFIRMATIVE DEFENSE

Banga's claim for breach of the implied covenant of good faith and fair dealing is barred because, at all times, IDS acted reasonably, in good faith, with proper cause, for a lawful purpose, and in compliance with the explicit and implied terms of the IDS Policy and its obligations under applicable law.

EIGHTEENTH AFFIRMATIVE DEFENSE

Banga's claim for breach of the implied covenant of good faith and fair dealing is barred by the "genuine dispute" doctrine.

NINETEENTH AFFIRMATIVE DEFENSE

To the extent Banga was damaged as alleged in the RTAC, if at all, such damage must be reduced or offset by recoveries obtained or obtainable from other sources or insurers.

TWENTIETH AFFIRMATIVE DEFENSE

Banga has not suffered any damages as a result of any action or inaction by Defendants and has failed to allege facts sufficient to

6

        state a claim for recovery of attorneys' fees.

        TWENTY-FIRST AFFIRMATIVE DEFENSE

        Business & Professions Code section 17200 does not create a private cause of action for alleged commission of the unfair practices listed in Insurance Code section 790.03, subdivision (h).

        TWENTY-SECOND AFFIRMATIVE DEFENSE

        Banga has failed to plead facts sufficient to entitle her to recover punitive damages under Civil Code section 3294, and as required by law.

        TWENTY-THIRD AFFIRMATIVE DEFENSE

        Banga's claim for punitive damages violates Defendants' right to protections from excessive fines, guaranteed by the Eighth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action supporting a claim for punitive damages.

        TWENTY-FOURTH AFFIRMATIVE DEFENSE

        Banga's claim for punitive damages violates Defendants' right to due process, guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action supporting a claim for punitive damages.

        TWENTY-FIFTH AFFIRMATIVE DEFENSE

        Banga's RTAC does not describe the claims with sufficient particularity to enable Defendants to determine all of its legal, contractual, and equitable rights, and Defendants reserve the right to amend or supplement its answer and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

ECF No. 73 at 12-15.

     Upon review of the affirmative defenses advanced by defendants and the answer to plaintiff's Third Amended Complaint as a whole (ECF No. 73), the undersigned finds that each affirmative defense adequately puts the plaintiff on notice and satisfies the applicable pleading standards. Nothing about these defenses or their supporting allegations are legally insufficient, redundant, immaterial, impertinent, or scandalous. See Rule 12(f). The answer properly puts plaintiff on notice of defendants' theories of defense, and there is nothing in the record indicating an absence of legal or factual disputes or suggesting that defendant cannot succeed under any

circumstances on its affirmative defenses.  See Kohler, 779 F.3d at 1019; SEC v. Sands, 902 F. Supp. at 1165.  Accordingly, there is no basis for striking the affirmative defenses.

### III. Conclusion

Based on the foregoing, the court ORDERS plaintiff's motion to strike defendants' affirmative defenses (ECF No. 92) is DENIED.

IT IS SO ORDERED.

DATED: March 25, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE